UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD EDWARD SWATHWOOD,

       Petitioner,         Civil No. 2:04-72251
                                     HONORABLE GERALD E. ROSEN
v.                              CHIEF UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

       Respondent
_____/

## OPINION AND ORDER DENYING MOTION TO ALTER/AMEND JUDGMENT

On February 10, 2009, this Court entered an Opinion and Order denying Donald Swathwood's petition for a writ of habeas corpus and dismissed this action in its entirety, with prejudice. Petitioner has now filed a motion to amend or alter judgment pursuant to Fed.R.Civ.P. 59(e). For the reasons stated below, the motion to amend judgment shall be **DENIED**

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances:

    1. to accomodate an intervening change in controlling law;

      2. to account for new evidence which was not available at trial; or;
      3. to correct a clear error of law or to prevent manifest injustice.

    *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

    In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes,* 86 F. Supp. 2d at 726 (internal quotation omitted).

    A motion to alter or amend judgment brought by a *pro se* prisoner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In his motion to amend judgment, Petitioner is merely presenting arguments that were already raised in his Traverse to the State's Response to his Petition and considered by the Court in ruling on this matter.[1]  Plaintiff is merely attempting to re-hash arguments that he previously raised in litigating this matter.  The Court will therefore deny the motion to amend judgment, because plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the civil rights complaint. *Hence v. Smith,* 49 F. Supp. 2d at 553.

---

[1]  Petitioner argued in his Traverse, just as he does here, that he did not miss the deadline for filing an application for leave to appeal to the Michigan Supreme Court within the 56-day time limit for doing so.  Specifically, in his Traverse, Petitioner stated:

> It should be noted that Petitioner did attempt to file his pleading with the Michigan Supreme Court, but the pleading was rejected by the Deputy Clerk as untimely with no exception to the 56 day limit.  (See attached letter from the Office of the Clerk).  Therefore, the pleading was not rejected by the court as untimely, but by an administrator, the Deputy Clerk.  No Michigan court judge has adjudicated this untimeliness issue.
>
> Although it appears that Petitioner has not exhausted his state court remedies as the Michigan Supreme Court never reviewed his claims, there are now no longer any state court remedies available to him.

Petitioner's Traverse, p. 2.  *See also* 2/10/09 Opinion and Order, p. 6.

Based upon the foregoing, the motion to alter/amend [Dkt. # 39] is

DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: March 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2009, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager