UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SWATHWOOD,

                Petitioner,          No. 04-CV-72251-DT

vs.                                 Hon. Gerald E. Rosen

BLAINE LAFLER,

                Respondent.
_____/

OPINION AND ORDER DENYING
CERTIFICATE OF APPEALABILITY AND DENYING
<u>APPLICATION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on_____July 10, 2009_____

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

This matter is before the Court on the request of the Sixth Circuit Court of Appeals for a decision as to whether a certificate of appealability should issue with respect to Petitioner Swathwood's appeal of this Court's denial of his Petition for a Writ of Habeas Corpus.

Before a prisoner may appeal a federal court's dispositive decision denying him habeas relief, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B), Fed. R. App. P. 22(b).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not

issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims were debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court found that Petitioner Swathwood had procedurally defaulted on all of the claims he raised in his habeas petition. Swathwood admitted that he did not file his delayed application to appeal to the Michigan Supreme Court within the 56-day time period allowed under the Michigan Court Rules for doing so. *See* M.C.R. 7.302(C)(2). Therefore, he procedurally defaulted on all of the claims he raised on appeal relative to this matter, and such claims are not subject to habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (procedural default may occur if the state prisoner fails to file a timely appeal).

Cognizant that the Court may consider a procedurally defaulted claim if the petitioner "show[s] (1) that there was cause for the default an prejudice resulting from the default or (2) that a miscarriage of justice will result from enforcing the procedural default in petitioner's case," *Lancaster v. Adams*, 324 F.3d 423, 426 (6th Cir. 2003), the Court then considered whether Petitioner satisfied either of these two exceptions to the procedural bar.

The Court found that Petitioner had not satisfied the first exception -- cause and prejudice -- because Petitioner made no showing of "cause" for his failure to file his

delayed application for leave to appeal timely.  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to consider the prejudice issue.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).

The "miscarriage of justice" exception applies only in very narrow circumstances and requires that the habeas petitioner demonstrate that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense.  *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Murray v. Carrier*, 477 U.S. 488, 496 (1986).  To demonstrate such actual innocence, the petitioner must show that, "in light of new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Petitioner Swathwood neither asserted that he was actually innocent nor produced any new reliable evidence in support of his innocence.  The Court, therefore, denied Petitioner habeas relief.

After reviewing the Court's ruling and having carefully considering the record of this matter, the Court finds that jurists of reason would not find the Court's assessment of Petitioner claims to be debatable or wrong.  *See Slack, supra*, 120 S.Ct. at 1604.  Therefore, the Court concludes that Petitioner is not entitled to a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED that no Certificate of Appealability should issue for purposes of Petitioner's appeal of the Court's denial of Petition for a Writ of Habeas Corpus.

For the reasons stated by the Court in its previous Orders, the Court further finds

no good faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore*

*v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997).  Therefore,

     IT IS FURTHER ORDERED that Petitioner's Application for Leave to Appeal *in*

*Forma Pauperis*, is DENIED.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  July 10, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on _____July 10, 2009_____, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____William C. Campbell_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
_____Donald Swathwood, #362444, Boyer Road Correctional Facility, 10274 Boyer Road, Carson City, MI   48811 _____.

        s/Ruth A. Brissaud
        Ruth A. Brissaud, Case Manager
        (313) 234-5137